UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIAN FISHER,

    Petitioner,

v.                                                                                  Case No. 01-71609

JOAN N. YUKINS,                                                  Honorable Patrick J. Duggan

    Respondent.
    _____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_JUNE 1, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Lillian Fisher is a *pro se* prisoner who is currently incarcerated at Huron Valley Complex, in Ypsilanti, Michigan. On April 25, 2001, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction on three counts of first degree criminal sexual conduct, MICH. COMP. LAWS ANN. § 750.520b(1)(a), one count of attempted first degree criminal sexual misconduct, MICH. COMP. LAWS ANN. §§ 750.92; 750.520b(1)(a), and one count of pandering, MICH. COMP. LAWS ANN. § 750.455.

On December 21, 2001, this Court denied her petition, denied her a certificate of appealability, and entered judgment for Respondent. On September 3, 2002, the Sixth

Circuit Court of Appeals concluded that Petitioner had not made a substantial showing of the denial of a constitutional right and denied Petitioner's application for a certificate of appealability. Presently before the Court is Petitioner's Motion for Relief from Judgment, filed May 25, 2005.

In her Motion, Petitioner asks the Court to "summon" her psychiatrist to offer his expert testimony that she is and always will be a paranoid schizophrenic in need of psychiatric medication. Petitioner also contends that the Court should apply equitable tolling and find that Petitioner timely filed her Motion for Relief from Judgment because she was unaware of the filing requirement.

> Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

FED. R. CIV. P. 60(b).

In this case, the Court entered judgment for Respondent on December 21, 2001. Petitioner seems to be arguing that her psychiatrist's testimony is newly discovered evidence which supports her habeas claim.

First, the Court does not believe that her psychiatrist's testimony can constitute "newly discovered" evidence under Rule 60(b) because, as Petitioner notes in her Motion, she was the psychiatrist's patient for 11 years before her arrest. Therefore, at the time Petitioner filed

2

her motion for a writ of habeas corpus, on April 25, 2001, Petitioner had this information available to her and could have included it in her motion.

Second, Rule 60(b) requires any motion for relief from judgment filed on the basis of newly discovered evidence to be made "not more than one year after the judgment." FED. R. CIV. P. 60(b). Petitioner contends that equitable tolling should apply because she did not have notice of Rule 60's filing requirement. The Sixth Circuit has noted that the doctrine of equitable tolling should be used "sparingly," and that absent a satisfactory explanation for the petitioner's failure to timely file, a petitioner would fail to exercise due diligence in pursuing her claim, and thus, would not be entitled to equitable tolling of the time period. *Dunlap v. United States*, 250 F.3d 1001, 1008-09, 1010 (6th Cir. 2001). Ignorance of the law alone is insufficient to invoke the doctrine of equitable tolling. *Moore v. Hawley*, 7 F. Supp. 2d 901, 904 (E.D. Mich. 1998); *see also Johnson v. U.S. Postal Serv.*, 863 F.2d 48, 1988 WL 122962 (6th Cir. 1988) (holding that the fact that plaintiff was proceeding *pro se* did not justify application of the doctrine of equitable tolling even where plaintiff missed her filing deadline by only one day). Therefore, Petitioner's motion is untimely.

Finally, this Court does not believe that any other reason exists justifying relief from judgment pursuant to FED. R. CIV. P. 60(b)(6).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment is **DENIED**.

_____
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Lillian Fisher, #263949
Huron Valley Complex - Women's
3511 Bemis Road
Ypsilanti, MI 48197

Bethany L. Scheib, Esq.